UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD T. NOFSINGER,

    Plaintiff,                                     Case No: 1:09-cv-29

v                                               HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. 42 U.S.C. § 405(g). In rendering the decision on the Commissioner's behalf, the Administrative Law Judge (ALJ) rejected the opinion of a Plaintiff-retained examining physician, Benjamin Bruinsma, M.D., who limited Plaintiff to lifting no more than five pounds, and the ALJ accepted the opinion of a non-examining consulting physician, Edmond Gardner, M.D., who gave no such limitation. This matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision. The matter is presently before the Court on Plaintiff's objections to the R & R (Dkt 18). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court grants the objections and issues this Opinion and Order.

I

Plaintiff presents two related objections to the Magistrate Judge's R & R.  First, Plaintiff argues that the Magistrate Judge erred in upholding the ALJ's discount of Dr. Bruinsma's medical opinion (Dkt 18 at 1).  Second, Plaintiff argues that by doing so, the Magistrate Judge upheld a Residual Functional Capacity Determination (RFC) that was not supported by substantial evidence (*id.* at 3).  While the case involves the close question of the difference between making a credibility determination and substituting an opinion for a medical judgment, the Court determines that Plaintiff's arguments have merit.

**A.     Because there was no proper basis to reject Dr. Bruinsma's opinion, the Court rejects the recommendation to uphold the ALJ's discount of Dr. Bruinsma's opinion.**

In objecting to the Magistrate Judge's decision, Plaintiff argues that the Magistrate Judge erred by stating that Dr. Bruinsma's opinion was "entitled 'to no special deference'" (Dkt 18 at 1) and upholding the ALJ's discount of Dr. Bruinsma's opinion.  Plaintiff's argument has merit.

The Magistrate Judge recommended upholding the ALJ's discount of Dr. Bruinsma's opinion on three grounds:  (1) that Dr. Bruinsma's opinion was not entitled to controlling weight; (2) that Dr. Bruinsma's opinion was inconsistent with the substantial evidence of record; and (3) that Dr. Bruinsma's opinion was rendered six months after expiration of Plaintiff's insured status (R & R at 13).

The Court agrees with the Magistrate Judge that Dr. Bruinsma's opinion is not entitled to controlling weight under the treating physician doctrine.  Dr. Bruinsma was not a treating physician with a long history of treatment and the requisite insight into the claimant's health that merits controlling weight.  *See, e.g.*, *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (noting that a one-time consulting examiner is not providing treatment and not otherwise qualified for controlling weight under the treating physician doctrine).

2

While the Court agrees that Dr. Bruinsma's opinion is not entitled to *controlling* weight, the Court nonetheless disagrees with the Magistrate Judge's recommendation to affirm the ALJ's discount of Dr. Bruinsma's medical opinion in favor of the opinion of Dr. Gardner, a non-examining consulting physician.[1] "Generally, [the Commissioner of Social Security] give[s] more weight to the opinion of a source who has examined [a social security claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(d)(1) (2006). Furthermore, the opinions of a specialist about "medical issues related to his or her area of specialty [are given more weight] than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5). Dr. Bruinsma was not only a specialist[2] giving an opinion regarding his areas of expertise, he was also the only examining physician who gave an opinion regarding Plaintiff's limitations (Dkt 18 at 2).

The Magistrate Judge concluded that Dr. Bruinsma's opinion was entitled to little weight because it "was inconsistent with substantial evidence of record, including the results of the doctor's own examination" (R & R at 13). However, the Court determines that the only evidence of record with which Dr. Bruinsma's opinion is inconsistent is the opinion of Dr. Gardner, the state agency-reviewing physician who did not examine Plaintiff. While it is true, as the ALJ notes, that Dr. Bruinsma's stated limitation is not found elsewhere in the record (Tr. 27), no other physician (aside from Dr. Gardner) rendered any opinion concerning Plaintiff's work-related abilities (Dkt 18 at 2).

---

[1] Social security regulations classify acceptable medical sources into three types: "non-examining sources, non-treating (but examining) sources, and treating sources," generally according the greatest weight to the opinions of treating sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007).

[2] Tr. 819 (showing that Dr. Bruinsma is a specialist in rehabilitation and physical medicine).

3

As is often recited, *the absence of evidence is not the evidence of absence*.[3]

Nor can Dr. Bruinsma's opinion be rejected on the basis that it is "inconsistent with . . . the results of his own examination" (R & R at 13) because to allow an ALJ to do so would be to allow the ALJ to improperly substitute his judgment for the conclusions of a physician. "When there is a conflict in the evidence, the ALJ may choose what evidence to credit but cannot reject evidence for no reason or for the wrong reason." *Lenon* v. *Apfel*, 191 F. Supp. 2d 968, 977 (W.D. Tenn. 2001) (internal quotation and citation omitted). Limitations are the expertise of medical providers and outside the expertise of both this Court and ALJs. *Cf. Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (Posner, J.) ("The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong.").

Last, while the Magistrate Judge correctly notes that Dr. Bruinsma did not explicitly assert that his opinion "concerned Plaintiff's condition at any date prior to the date of his actual examination" (R & R at 13), which occurred more than six months after the expiration of Plaintiff's insured status, the record indicates that Dr. Bruinsma based his opinion on Plaintiff's entire medical record and that Plaintiff's alleged limitations arise from injuries and deterioration that took place before the expiration of his insured status (Tr. 819).

For these reasons, the Court disagrees with the Magistrate Judge's recommendation to uphold the ALJ's discount of Dr. Bruinsma's opinion in favor of Dr. Gardner's opinion.

---

[3]*See, e.g.*, *Gass v. Marriott Hotel Services, Inc.,* 558 F.3d 419, 436 (6th Cir. 2009) ("Of course, the absence of evidence is not the same as evidence of absence").

**B.     The Court rejects the recommendation to uphold the ALJ's Residual Function Capacity determination.**

Next, Plaintiff argues that "the ALJ's determination of Mr. Nofsinger's Residual Functional Capacity [RFC] is not supported by substantial evidence and thus cannot stand" (Dkt 18 at 3). Plaintiff argues that the ALJ failed to articulate an evidentiary basis for her RFC and objects that the RFC was stated in a conclusory manner contrary to *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. Mar. 4, 2002) (Dkt 18 at 3).

The Magistrate Judge asserted that "[t]he ALJ simply evaluated the evidence before her, resolving any conflicts therein, to arrive at Plaintiff's RFC" and "there is nothing in the record to suggest that a consultative examination was necessary or even requested by Plaintiff"[4] (R & R at 14-15).

However, as discussed above, the ALJ was without adequate basis[5] to reject the opinion of an examining expert in favor of a non-examining consulting physician who rendered his opinion on the basis of an incomplete medical record. Consequently, the RFC, which was based upon that rejection, is erroneous and cannot be upheld. As the RFC cannot stand, the Court need not address

---

[4] As Plaintiff had submitted the opinion of an examining physician, Dr. Bruinsma, the Court perceives no reason why Plaintiff would have requested a consulting physician. Furthermore, the regulations indicate that the *Secretary* will obtain a consulting physician anytime it is needed and place no burden on a plaintiff to request one. *See* 20 C.F.R. §§ 404.1519a-404.1519g.

[5] The only other basis for rejecting Dr. Bruinsma's opinion found in the ALJ's decision is that "Dr. Bruinsma was hired by the claimant's attorney for the purposes of assisting the claimant in obtaining benefits" (Tr. 27). This, too, is an improper basis for rejecting a consultative examination. *See Blakenship v. Bowen*, 874 F.2d 1116, 1122 n.8 (6th Cir. 1989) (observing that there is nothing fundamentally wrong with a lawyer sending a client to a doctor). Thus, even if Dr. Gardner's opinion had been entitled to full credit, because there is no valid basis for discrediting Dr. Bruinsma, Dr. Bruinsma's opinion should hold greater weight under the preferences for the opinions of examining physicians and specialists.

Plaintiff's additional argument that the Magistrate Judge improperly upheld the ALJ's insufficiently specific RFC.

II

Because the ALJ's ruling is not supported by the substantial evidence and it is not this Court's role to decide issues reserved to the Secretary, this case requires further development upon remand. As the Court of Appeals in *Porzondek* noted in finding the medical record of a similar case inadequate to support the ALJ's RFC,

> the Secretary could have ordered [additional] consultative reports or sought the advice of a medical examiner at Porzondek's administrative hearing. These actions are discretionary, but the Secretary's failure to exercise that discretion in the present case has resulted in a failure to meet his burden of proof. A remand is authorized under these circumstances by the fourth sentence of 42 U.S.C. § 405(g). *See Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990).

*Porzondek v. Sec'y of Health & Humans Svcs,* No. 92-1333, 1993 WL 15135, at *2 (6th Cir. Jan. 22, 1993).

Accordingly:

**IT IS HEREBY ORDERED** that the objections (Dkt 18) are GRANTED, and the Report and Recommendation of the Magistrate Judge (Dkt 17) is REJECTED.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is REVERSED and the matter is REMANDED to the Secretary for further proceedings consistent with this Opinion.

Dated: July 1, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge