UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD NOFSINGER,

    Plaintiff,                                                Hon. Janet T. Neff

v.                                                               Case No. 1:09-CV-29

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees and Costs Pursuant to the Equal Access to Justice Act. (Dkt. #22). Plaintiff's counsel seeks $6,975.17 in fees and costs, as detailed in Plaintiff's application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

In a February 2, 2010 Report and Recommendation, the undersigned recommended that the Commissioner's decision denying Plaintiff's request for benefits be affirmed. The Honorable Janet T. Neff rejected this recommendation, however, and remanded the matter for further factual findings on the ground that the ALJ improperly discounted the opinion of one of Plaintiff's care providers. Judge Neff further concluded that the ALJ's residual functional capacity determination was not supported by substantial evidence. In light of Judge Neff's conclusion that the ALJ's decision failed to comply with the relevant legal standard, the Commissioner cannot reasonably assert that his position is legally justified. In sum, the ALJ's decision was not substantially justified. However, as detailed below the undersigned finds that counsel's request is excessive and unreasonable.

In his application, Plaintiff's counsel seeks an award of $6,975.17. Specifically, counsel asserts that he expended 40.7 hours on this matter for which he seeks an hourly rate of $171.38. While the Court finds the number of hours expended by counsel to be reasonable, the hourly rate upon which counsel's claim is based is inappropriate. The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Finding neither circumstance present, the undersigned recommends that counsel's award be based upon an hourly rate of $125. Accordingly, the undersigned recommends that counsel be awarded fees and costs in the amount of $5,087.50 ($125 multiplied by 40.7 hours). The undersigned, therefore, recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 7, 2011  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge