UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD NOFSINGER,

       Plaintiff,                                Hon. Janet T. Neff

v.                                                   Case No.  1:09-cv-29

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff counsel's <u>Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b)</u>. (Dkt. #30).  Plaintiff's counsel seeks $15,111.60 in fees.  Defendant has indicated that he "has no objection" to counsel's request.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted** as detailed herein.

On July 1, 2010, the Honorable Janet T. Neff remanded this matter to the Commissioner for further administrative proceedings.  (Dkt. #20-21).  Plaintiff was subsequently awarded disability benefits, including past-due benefits for the period November 2003 through March 2011.  Counsel now submits the present motion seeking an award of fees and costs pursuant to the contingent fee arrangement into which he and Plaintiff entered.  (Dkt. #30, Exhibit A).  According to this fee arrangement, Plaintiff agreed to pay counsel a fee equal to "twenty-five percent (25%) of the past due benefits" if Plaintiff's claim was approved either by the District Court or following a remand to the Social Security Administration.  *Id.*

The Social Security Administration withheld twenty-five percent of Plaintiff's past-due benefits, an amount equal to twenty thousand one hundred ninety nine dollars and ten cents ($20,199.10),

"in order to pay the approved lawyer's fee." Plaintiff's counsel now moves, pursuant to 42 U.S.C. § 406(b), for an award of attorneys' fees in the amount of fifteen thousand one hundred eleven dollars and sixty cents ($15,111.60). The requested amount represents twenty-five percent of Plaintiff's past-due benefits minus the amount in fees previously awarded under the Equal Access to Justice Act. (Dkt. #27-28).

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). While counsel is entitled to receive twenty-five percent of Plaintiff's past-due benefits, as counsel recognizes this amount must be reduced by five thousand eighty seven dollars and fifty cents ($5,087.50), the amount counsel was previously awarded pursuant to the Equal Access to Justice Act. *See Gisbrecht v. Commissioner of Soc. Sec.*, 535 U.S. 789, 795-96 (2002) (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee").

Accordingly, the undersigned recommends that the present motion be **granted** and that counsel be awarded fifteen thousand one hundred eleven dollars and sixty cents ($15,111.60) in fees and costs pursuant to 42 U.S.C. § 406(b).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff counsel's Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b), (Dkt. #30), be **granted**. Specifically, the undersigned recommends that counsel be awarded fees and costs in the amount of fifteen thousand one hundred eleven dollars and sixty cents ($15,111.60).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 26, 2011   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge